IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CAROLYN BUNYARD,

        Plaintiff,                       No. CIV S-04-1372 KJM

    vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.                  ORDER
_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Disability Income Benefits ("DIB") under Title II of the Social Security Act ("Act"). For the reasons discussed below, the court will grant in part plaintiff's motion for summary judgment or remand and grant in part the Commissioner's cross-motion for remand.

/////
/////
/////
////
/////

1

I. Factual and Procedural Background

In a decision dated July 26, 2002, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has a severe impairment of schizophrenia and meets the requirements of Listing 12.03 from October 15, 1981 through March 31, 1986; plaintiff is not totally credible; plaintiff has no significant physical impairments; plaintiff cannot perform her past relevant work; plaintiff has no exertional limitations; plaintiff can make a vocational adjustment to work that exists in significant numbers in the national economy; and plaintiff is not disabled. Administrative Transcript ("AT") 32-33. Plaintiff

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

2

1  contends the ALJ committed error in failing to open a prior application for disability benefits;
2  failed to incorporate all of the limitations found by a consultative examining psychiatrist;
3  improperly discredited plaintiff's subjective complaints; and failed to incorporate physical
4  impairments into plaintiff's residual functional capacity.  Defendant contends remand of the
5  action is appropriate.
6  II.  Standard of Review
7        The court reviews the Commissioner's decision to determine whether (1) it is
8  based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the
9  record as a whole supports it.  Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing
10 Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)).
11 Substantial evidence means more than a mere scintilla of evidence, but less than a
12 preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v.
13 Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such relevant evidence as a
14 reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402
15 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S.
16 197, 229, 59 S. Ct. 206 (1938)).  The record as a whole must be considered, Howard v. Heckler,
17 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that
18 detracts from the ALJ's conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir.
19 1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of
20 supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If
21 substantial evidence supports the administrative findings, or if there is conflicting evidence
22 supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see
23 Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an
24 improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d
25 1335, 1338 (9th Cir. 1988).
26 /////

III. Analysis

    A. Prior Application for Disability Benefits

Plaintiff contends the ALJ committed error in failing to open plaintiff's prior 1982 application for disability benefits. Defendant requests remand so that the prior application can be reviewed in accordance with Gonzalez v. Sullivan, 914 F.2d 1197, 1202-03 (9th Cir. 1990). The Gonzalez case held that where misleading information is provided to an applicant regarding appeal of an initial decision, the Fifth Amendment right to procedural due process is violated. Gonzalez, 914 F.3d at 1203. Constitutionally deficient notice was provided to plaintiff regarding her prior 1982 application. AT 151-152. The Appeals Council acknowledged as much in the November 16, 2001 order of remand.[2] AT 187. The Appeals Council directed the ALJ on remand to make a new determination of the prior application in accordance with the Gonzalez case. AT 187. The order further noted that the ALJ had essentially given plaintiff Gonzalez relief by addressing the entire period at issue. AT 187.

On remand,[3] the ALJ determined plaintiff had been properly advised of her appeal rights because Social Security records established plaintiff filed a request for reconsideration and received an unfavorable determination on July 28, 1982. AT 15. The administrative record contains neither the request for reconsideration nor the notice of unfavorable decision relied on by the ALJ in reaching this determination, thus precluding appropriate judicial review of the ALJ's decision. Moreover, the fact plaintiff may have filed a request for reconsideration does not necessarily mean plaintiff understood her rights to a hearing before an administrative law judge.

/////

---

[2] The order of remand appears to contain a typographical error in that it refers to the ALJ's decision of January 13, 1999. AT 186. The ALJ's decision at issue in the remand order is dated January 13, 1998. AT 56.

[3] The case was assigned on remand the second time to another ALJ because the case had previously been remanded to the same ALJ who heard the matter the first time. AT 187.

4

Although defendant requests remand so that plaintiff's 1982 application may once again be reviewed by the Commissioner, there is no reason to honor the request in this case. The ALJ in the decision at issue here determined plaintiff met Listing 12.03 from October 15, 1981 through March 31, 1986 and therefore was presumptively disabled during that time period. AT 25, 32.[4] Because there is no evidence plaintiff was afforded procedural due process with respect to her 1982 application, under Gonzalez, plaintiff is entitled to disability benefits for that time period.

      B. Consultative Examining Psychiatrist

Defendant also requests remand of this action so that the report of Dr. Rajappa, a consultative examining psychiatrist, may be evaluated and appropriate reasons provided for the weight assigned to this evidence. To the extent this request relates to payment of benefits for the time period beginning March 31, 1986, it is discussed below.

In the decision at issue here, the ALJ discussed Dr. Rajappa's opinion and accorded it greater evidentiary weight than the opinion of consultative examining psychologist Dr. Finkel. AT 22-23. Although apparently adopting some of the limitations found by Dr. Rajappa, the ALJ's decision did not incorporate the functional limitation that plaintiff was "likely to experience repeated episodes of emotional deterioration in work-like situations." AT 28, 172. The hypothetical questions posed to the testifying vocational expert also did not include this limitation although there was some discussion of decompensation under stress. AT 270-271. Because the record is not clear whether this limitation was specifically rejected or incorporated by the ALJ and the basis therefor, and what jobs are available to plaintiff if such a limitation is

/////

---

[4] Finding no. 4 on page 32 of the administrative transcript apparently contains a typographical error in that the ALJ found plaintiff meets the requirements of Listing 12.03 from October 15, 1986 through March 31, 1986. AT 32. The discussion section of the ALJ's decision, however, makes clear that the finding pertains to the period October 15, 1981 through March 31, 1986. AT 25.

imposed, the matter will be remanded for further development of this issue. See McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1990).

C. Credibility

Plaintiff contends the ALJ did not properly assess her credibility. The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons. See, e.g., Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995). If credibility is critical, the ALJ must make an explicit credibility finding. Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be supported by "a specific, cogent reason for the disbelief").

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir.1991) (en banc). If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment, and functional restrictions. See id. at 345-47. The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13. Work records, physician and third party testimony about nature, severity, and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant. Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997). A failure to seek treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ in determining whether the alleged associated pain is not a significant nonexertional impairment. See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995). The ALJ may rely, in part, on his or her own observations, see Quang Van Han v. Bowen, 882

1  F.2d 1453, 1458 (9th Cir. 1989), which cannot substitute for medical diagnosis. Marcia v.
2  Sullivan, 900 F.2d 172, 177 n.6 (9th Cir. 1990). "Without affirmative evidence showing that the
3  claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must
4  be clear and convincing." Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599
5  (9th Cir. 1999).

6        The ALJ found plaintiff not fully credible in light of the medical evidence,
7  treating opinion, examining opinion, level and type of medication, and her range of daily
8  activities. AT 29. Plaintiff asserts the ALJ offered no analysis of why he found plaintiff's
9  subjective complaints not fully credible. The credibility analysis, however, must be read in the
10 context of the entirety of the ALJ's decision, which sets forth a complete and detailed analysis of
11 plaintiff's alleged symptoms and treatment. For instance, although plaintiff testified she has
12 problems with focusing and concentration, the ALJ thoroughly discussed the findings of
13 examining physicians demonstrating adequate memory and concentration. AT 27, 29. Plaintiff
14 also testified she hears voices when her medication runs out. AT 230. In the body of the
15 decision, the ALJ also explained why he was discounting the claim of auditory hallucinations.
16 AT 29.

17       One subjective complaint, however, was not adequately addressed. Plaintiff
18 testified her eyes roll back when she becomes excited and that she must then take Benadryl and
19 sit quietly for half an hour. AT 230. Although the ALJ mentions this problem, he notes only that
20 it is controlled with medication. AT 16, 26. The treatment notes confirm that the problem is
21 controlled with Benadryl. AT 212. However, the need to sit quietly while the medication takes
22 effect for half an hour is a significant limitation occurring on a regular basis that appears to have
23 been inappropriately disregarded by the ALJ. The matter therefore will be remanded for further
24 development of this issue.

25 /////

26 /////

    D.  Residual Functional Capacity

        Plaintiff contends the ALJ did not properly factor into the residual functional capacity analysis the side effects of her medications and other physical impairments.  Residual functional capacity is what a person "can still do despite [the individual's] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a) (2003); see also Valencia v. Heckler, 751 F.2d 1082, 1085 (9th Cir. 1985) (residual functional capacity reflects current "physical and mental capabilities").

        In arguing the ALJ overlooked significant relevant evidence in assessing plaintiff's residual functional capacity, plaintiff asserts the side effects of plaintiff's medications were not considered.  Plaintiff cites to one entry in the medical record of plaintiff's complaining about drowsiness.  AT 166.  One complaint is insufficient to establish a physical impairment due to the side effects of medications.  Plaintiff contends the ALJ ignored other physical impairments, namely trembling and tremors in the hands.  Plaintiff did not allege any physical impairments as a basis of disability in her application for benefits.  AT 16, 61-64.  Moreover, the ALJ inquired into possible physical impairments at the hearing.  AT 231-232.  The ALJ properly considered plaintiff's physical complaints, including tremors, noting the physical complaints were successfully treated or resolved with medication adjustment and that plaintiff had worked for years despite some physical complaints after an accident in 1966.  AT 16, 206-211.  Plaintiff cites no evidence establishing physical impairments of twelve months duration.  Cf. 20 C.F.R. § 404.1509.  There was no error in failing to incorporate physical impairments into plaintiff's residual functional capacity.

        For the foregoing reasons, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for further development of the record and further findings addressing the deficiencies noted above.

/////

/////

/////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment and/or remand is granted in part;

2. The Commissioner's cross-motion for remand is granted in part;

3. This matter is remanded for immediate payment of benefits under <u>Gonzalez v. Sullivan</u>, based on disability for the time period from October 15, 1981 through March 31, 1986; and

4. For the time period after March 31, 1986, this matter is remanded for further proceedings consistent with this order.

DATED: September 27, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

006/bunyard.ss