IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CAROLYN BUNYARD,

    Plaintiff,                      No. CIV S-04-1372 KJM

    vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.                  ORDER

        Pending before the court is plaintiff's motion for an award of attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1).  Plaintiff seeks fees based on 9.75 hours in 2004 at the rate of $154.88 per hour for attorney time and 36.05 hours in 2005 at the rate of $160.43 per hour, for a total amount of $7,293.65.  Plaintiff also seeks costs in the amount of $279.13.  Defendant does not contest the hourly rates claimed or the amount of costs and concedes plaintiff is the prevailing party.  Defendant also does not assert her position was substantially justified.  Defendant contends only that the amount of time claimed is unreasonable and that fees should only be awarded for 37.9 hours.

        The EAJA directs the court to award a reasonable fee.  In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the results obtained.  See Commissioner, INS v. Jean, 496 U.S. 154 (1990); Hensley v. Eckerhart,

1

1  461 U.S. 424 (1983); <u>Atkins v. Apfel</u>, 154 F.3d 986 (9th Cir. 1998).  Defendant contends that the
2  hours expended by plaintiff's counsel are unreasonable.  Specifically, defendant argues plaintiff
3  should not be compensated for 7.9 hours of attorney time that was duplicative or that should have
4  been performed by clerical personnel.

5  In reviewing the administrative transcript, briefing on the cross-motions for
6  summary judgment and order granting remand in this case, and the time expended on tasks as set
7  forth in plaintiff's schedule of hours, the court has determined the hours claimed are reasonable.
8  Novel arguments under <u>Gonzalez v. Sullivan</u>, 914 F. 2d 1197 (9th Cir. 1990), were addressed in
9  this matter and difficult issues regarding mental disability were raised.  Although two attorneys
10 worked on plaintiff's behalf on this case, the amount of time expended by the junior attorney
11 working on the brief and the reviewing attorney is neither disproportionate nor unreasonable.
12 The court also notes counsel did not represent plaintiff at the administrative level and had to
13 become familiar with the case, in which the transcript was 273 pages and complicated issues
14 arose out of prior remands from the Appeals Council.  Based on a careful review of the hours
15 claimed by counsel, the court finds no reason to believe they are inflated.  Considering the results
16 obtained, the entirety of the hours claimed is reasonable.  Counsel therefore will be paid for the
17 claimed hours of attorney time spent in the prosecution of this action.

18 Accordingly, IT IS HEREBY ORDERED that fees and costs under the EAJA are
19 awarded to plaintiff in the amount of $7,572.78.

20 DATED: September 18, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

006
bunyard.fee